UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RICHARD ADREAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 10-CV-0670-CVE-FHM |
| ) | |
| **JOSE LOPEZ, SWIFT TRANSPORTATION** ) | |
| **COMPANY, INC., and MOHAVE** ) | |
| **TRANSPORTATION INSURANCE** ) | |
| **COMPANY,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court is Defendant Mohave Transportation Insurance Company's Motion for Summary Judgment and Brief in Support (Dkt. # 38). Plaintiff did not file a response.

### I.

Plaintiff Richard Adrean's claims arise out of a motor vehicle collision that occurred in Tulsa County, State of Oklahoma, on or about December 7, 2008. Dkt. # 2-2, at 1. Plaintiff alleges that, at the time of that collision, defendant Jose Lopez was operating a motor vehicle during the course of and within the scope of his employment for defendant Swift Transportation Company, Inc. (Swift), and that Swift is a common carrier insured by defendant Mohave Transportation Insurance Company (Mohave). Adrean claims that he suffered damages and injuries as a consequence of the collision. He also alleges that, because Lopez's negligence caused the collision, he is entitled to damages. Id. Adrean filed his petition in the District Court of Tulsa County, State of Oklahoma, on October 1, 2010. Dkt. # 2-2. On October 21, 2010, defendants removed to this Court. Dkt. # 2. Complete diversity of citizenship exists between plaintiff and defendants, and plaintiff seeks

damages in excess of $75,000, exclusive of interest and costs. Dkt. ## 2; 2-2, at 2. Jurisdiction is therefore proper pursuant to 28 U.S.C. § 1332.

**II.**

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Id. at 327.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review,

the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

### III.

Mohave seeks summary judgment on all of plaintiff's claims against it on the ground that Oklahoma law does not permit a direct action against it. Mohave's statement of uncontroverted facts states that, at the time of the collision, Swift was self-insured. Dkt. # 38, at 2. It states that Swift is a Delaware corporation and an interstate motor carrier operating under United States Department of Transportation Number 542883, and that Swift maintains its United Carrier Registration in Indiana, not Oklahoma. Id. at 3. Finally, it states that Lopez was a company driver at the time of the accident, not an owner/operator. Mohave has supported those statements by reference to particular parts of materials in the record, as required by Fed. R. Civ. P. 56(c). Adrean has not filed a response to Mohave's motion for summary judgment. Pursuant to Fed. R. Civ. P. 56(e), the Court will therefore consider Mohave's statement of facts undisputed for purposes of this motion. Thus, the only issue before the Court is whether Mohave is entitled to judgment as a matter of law.

Mohave argues that, under Oklahoma law, Adrean cannot maintain a direct action against it as a liability insurer for a motor carrier. Plaintiff's claim is based upon diversity jurisdiction. As a result, the law of Oklahoma is to be applied in determining the substantive rights of the parties to the action. Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938). "The common law system of remedies remains in full force in Oklahoma . . . [and] [u]nless a statute expressly creates a remedy not existent at common law none will be found to exist." Hubbard v. Liberty Mut. Fire Ins. Co., 2007 WL 1299270, at * 2 (E.D. Okla. 2007)(citing Ricks v. Exploration Co., 695 P.2d 498, 504 (Okla. 1984)).

Oklahoma adheres to the majority rule that a defendant's insurer cannot be directly sued by a plaintiff. Daigle v. Hamilton, 782 P.2d 1379, 1381 n.1 (Okla. 1989). Oklahoma law does, however, have "two statutory provisions which have been previously interpreted to allow direct actions against an insurer of a motor carrier:" OKLA. STAT. tit. 47, § 169 and Okla. Stat. tit. 47, § 230.30. Hubbard, 2007 WL 1299270, at * 2. Section 169 "applies to motor carriers of household goods or used emigrant moveables and provides that no certificate or permit shall be issued by the Oklahoma Corporation Commission (OCC) until after such motor carrier files with the OCC a liability insurance policy or bond covering public liability and property damage." Id. The provisions of § 169 pertaining to proof of liability insurance apply only to carriers whose principal place of business is in Oklahoma. Id. Because it is undisputed that Swift's principal place of business is not in Oklahoma, Dkt. ## 2, at 2; 38, at 7, § 169 is therefore inapplicable. Id.

"The Oklahoma Motor Carriers Act [OKLA. STAT. tit. 47, § 230.21 et. seq.] has permitted a direct action against the insurer of a motor carrier who has registered and filed a certificate of insurance with the [OCC]." Id. Section 230.30 of the Motor Carriers Act applies only to motor carriers subject to the licensing requirements of the OCC. To state a claim against an insurer under § 230.30, a plaintiff must allege that: "(1) he suffered injury; (2) the injury occurred by operation of a motor carrier; and (3) the motor carrier was required to be and was in fact insured pursuant to § 230.30." Mize v. Liberty Mut. Ins. Co., 393 F. Supp. 2d 1223, 1226 (W.D. Okla. 2005). The licensing and insurance requirements of § 230.30 apply only to carriers whose principal place of

business is in Oklahoma.[1]  OKLA. STAT. tit. 47, § 230.30(B); see also Hubbard, 2007 WL 1299270, at * 3.

Swift has not obtained an Oklahoma license from the OCC pursuant to § 230.23(3), and did not file with the OCC a liability insurance policy or bond covering public liability and property damage pursuant to § 230.30(A).  Dkt. # 38, at 7.  Therefore, § 230.30 is inapplicable to Swift.[2] Hubbard, 2007 WL 1299270, at * 3.  Further, a direct action against the insurer is not authorized by federal law.  Id. (citing 49 C.F.R. § 387.15).  "[U]nder the standard Form MCS-90 which is required of motor carriers' insurers, an insurer agrees to pay any final judgment recovered against the insured motor carrier for public liability resulting from negligence in the operation of a motor vehicle."  Id. But since there is not yet judgment in favor of the plaintiff and against the defendant motor carrier, "the plaintiff may not recover directly from [Mohave]."  Id.; see also Fierro, 217 P.3d at 161 (noting that no prejudice arises from a grant of summary judgment in favor of a liability insurer where a plaintiff may proceed against the insurer if he prevails in his lawsuit).  Because there is no means of direct recovery against it under Oklahoma law, Mohave is entitled to judgment as a matter of law.[3]

---

[1] Oklahoma takes part in the "single state system . . . where interstate motor carriers register and insure in their home states."  Fierro v. Lincoln Gen. Ins. Co., 217 P.3d 158, 160 (Okla. Civ. App. 2009).

[2] In Hubbard, the court rejected the plaintiff's argument that the defendant carrier had subjected itself to the requirements of § 230.30 simply by operating as a motor carrier in Oklahoma, or that registration under the single state registration system fulfilled the requirements of § 230.30.  2007 WL 1299270, at * 3.

[3] Because the Court grants Mohave's motion for summary judgment, it need not address its argument that it is an improper party in this case.  Dkt. # 38, at 19.

**IT IS THEREFORE ORDERED** that Defendant Mohave Transportation Insurance Company's Motion for Summary Judgment and Brief in Support (Dkt. # 38) is **granted**. Defendant Mohave Transportation Insurance Company is terminated as a party defendant.

**DATED** this 2nd day of September, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT