UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD ADREAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-CV-0670-CVE-FHM |
| | ) |
| JOSE LOPEZ, and SWIFT | ) |
| TRANSPORTATION | ) |
| COMPANY, INC., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is Defendants' Motion in Limine and Brief in Support (Dkt. # 46). [1] Plaintiff has filed a response opposing the motion (Dkt. # 52) and defendants have filed a reply (Dkt. # 59). Plaintiff Richard Adrean's claims arise out of a motor vehicle collision that occurred on or about December 7, 2008. Dkt. # 2-2 at 1. Plaintiff alleges that, at the time of the collision, defendant Jose Lopez (Lopez) was operating a motor vehicle during the course of, and within the scope of, his employment with defendant Swift Transportation Company, Inc. (Swift). Plaintiff claims that he suffered damages and injuries as a consequence of the collision. He also alleges that, because Lopez's negligence caused the collision, he is entitled to damages. Id.

Defendants make 13 requests to exclude mainly general categories of evidence. Most of defendants' requests are not tailored to any specific evidence that is likely to be offered at trial, but

---

[1] Mohave Transportation Insurance Company (Mohave) was initially named as a defendant in this action and joined the motion in limine. However, all claims against Mohave were subsequently dismissed and Mohave was terminated as a party defendant. See Dkt. # 60. As such, the motion will be considered only as to the remaining defendants.

instead contain objections to hypothetical evidence that they anticipate plaintiff might seek to introduce at trial. Furthermore, many of defendants' requests contain no legal analysis and do not cite to the applicable federal law or rules. Each request will be addressed in turn.

1) Cumulative Photographs. Defendants "acknowledge that certain photographs of the vehicles involved in the collision will become evidence in this case . . . ." Dkt. # 46 at 2. However, defendants seek to exclude any photographs that are cumulative of one another.[2] Defendants have not identified any particular photographs they seek to exclude, nor have they identified in what way these photographs would be cumulative. Defendants' request is denied without prejudice if a specific issue arises at trial.

2) Evidence Relating to Non-Testifying Witnesses. Defendants state that they anticipate that plaintiff will attempt to "introduce argument at the time of trial that non-testifying witnesses would have testified in a certain way" and that such evidence would be impermissible hearsay. Dkt. # 59 at 2. Because no specific statements of any specific witnesses have been identified, it is impossible for the Court to determine at this point whether such evidence would be admissible as an exception to the prohibition of hearsay. Defendants' request is denied without prejudice if a specific issue arises at trial.

3) Evidence of Other Claims or Suits. Defendants seek to preclude plaintiff from making any "references to prior collisions that did not involve Defendant Lopez's driving history with Defendant Swift" because such references would be prejudicial to defendants. Dkt. # 46 at 4.

---

[2] In their reply, defendants additionally argue that photographs of the property damage to the vehicles "are not relevant to the remaining issues in this case" and "such evidence is not properly offered without expert testimony by a biomechanical expert." Dkt. # 59 at 1. It is not appropriate for defendants to raise new arguments in a reply brief and these arguments will not be addressed at this time.

Plaintiff responds that such evidence may be relevant to show knowledge or absence of mistake on the part of Swift. Dkt. # 52 at 3. Neither party has informed the court of the details of any prior collisions, claims, or suits. Without knowledge of the facts and circumstances of these prior incidents it is impossible for the Court to evaluate any potential relevance or prejudicial effect these hypothetical incidents might have. Defendants' motion is denied without prejudice if a specific issue arises at trial.

4) Post-Accident Statements. Defendants argue that plaintiff should not be allowed to introduce evidence of an interaction between plaintiff and Lopez that occurred immediately after the accident. In his deposition, plaintiff testified that he approached Lopez after the accident and attempted to hand Lopez a piece of debris that plaintiff thought came from Lopez' vehicle. Lopez purportedly responded by saying "no mine." Dkt. # 46-1 at 2. Defendants argue that this statement is not relevant to the issues in the case and is prejudicial because the jury may think Lopez was being impolite.[3]

Under Fed. R. Evid. 401, relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." However, relevant evidence can be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed.R.Evid. 403. When considering a Rule 403 challenge, the court should "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." Mendelsohn v. Sprint/United Management Co., 466 F.3d 1223, 1231

---

[3] In their reply, defendants additionally argue that this testimony would be inadmissible hearsay. Because this argument was not raised in the motion it will not be addressed.

3

(10th Cir. 2006). Exclusion of evidence under Rule 403 is an extraordinary remedy that should be used sparingly. World Wide Ass'n of Specialty Programs v. Pure, Inc., 450 F.3d 1132, 1139 (10th Cir. 2006).

Without further explanation from plaintiff regarding his theory of the case, the probative value of Lopez's statement is unclear. However, the statements or actions of the parties immediately after the accident may have some relevance to the issues in the case. The Court does not find that Lopez' statement was so egregiously impolite as to unfairly prejudice the jury against him. As such, the minimal probative value of this statement is not outweighed by the minuscule potential for prejudice. Defendants' request is denied.

5) Hearsay. Defendants state that "the parties agree the police report, as well as testimony by the investigating officer, falls within the hearsay rule and therefore, the parties agree to exclude the police report from trial in this case." Dkt. # 46 at 6. Plaintiff does not address this issue in its response to the motion. Thus, the Court presumes that the parties have in fact agreed not to offer the police report and testimony of the investigating officer. Defendants' motion is denied as moot.

6) Traffic Citation. Defendants argue that plaintiff should not be allowed to present evidence related to a "traffic citation that [Lopez] received following the collision." Dkt. # 46 at 6. Defendants contend that, because Lopez pled no contest to the citation, the evidence of the citation is not admissible under Oklahoma law. See id. (citing Walker v. Forrester, 764 P.2d 1337, 1339 (Okla. 1980)). Plaintiff concedes that evidence of the citation may not be admissible against Lopez, but contends that it is admissible against Swift pursuant to Fed. R. Evid. 410. See Dkt. 52 at 4. Neither party informs the Court of the content of the citation or of the circumstances of its issuance.

4

Further, defendants do not provide any evidence that Lopez pled no contest to the citation other than defendants' attorney's statement in the motion.

As an initial matter, it is not clear that defendants' citation to Oklahoma law is relevant here because, with certain exceptions, a federal court sitting in diversity jurisdiction applies the Federal Rules of Evidence rather than state law governing the admission of evidence. See James River Ins. Co. v. Rapid Funding, LLC, 658 F.3d 1207, 1218 (10th Cir. 2011). However, the Court need not resolve the issue of which law applies at this time because the parties have not provided enough information to allow the Court to make a determination under either the Federal Rules or state law. Without knowledge of the circumstances surrounding the citation and without actual evidence of Lopez' plea, this Court cannot make a determination as to whether evidence of the citation is admissible at trial. Defendants' motion is denied without prejudice if a specific issue arises at trial.

7) Liability Insurance. Defendants seek to exclude evidence that they maintained liability insurance at the time of the accident. As noted by plaintiff, Fed. R. Evid. 411 governs the admissibility of liability insurance and states that such evidence "is not admissible upon the issue whether the person acted negligently or otherwise wrongfully." Fed. R. Evid. 411. However, evidence of liability insurance is admissible when offered "for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness." Id. Because there is no statement as to the purpose for which plaintiff might introduce this evidence, the Court cannot determine at this time whether such evidence is admissible. Defendants' request is denied without prejudice if a specific issue arises at trial.

Defendants further seek to redact any references to Mohave in documents that may become trial exhibits and are provided to the jury. It is impossible to know at this time what documents

5

might be submitted to the jury and how the presence of Mohave on those particular documents might affect the jury's understanding of the case. This request is premature. Defendants' motion is denied without prejudice if a specific issue arises at trial.

8) Opinions of Lay and Expert Witnesses. Defendants state that the parties have agreed that medical opinions from lay witnesses will be excluded, as will expert witness testimony that falls outside the scope of the witness' expertise. Dkt. # 46 at 8. Plaintiff does not address this issue. As such, it appears the parties agree on this issue. Defendants' motion is denied as moot.

9) Testimony of Treating Physicians. Defendants seek to preclude plaintiff's treating physicians from "offering expert opinions . . . or offering any testimony other than the specific care and treatment that each physician provided to the Plaintiff." Dkt. # 46 at 8. Defendants state that none of plaintiff's treating physicians have been designated as expert witnesses pursuant to Fed. R. Civ. P. 26, and, as such, they can not testify beyond the scope of their personal knowledge. Plaintiff argues that the treating physicians are entitled to testify regarding their treatment of plaintiff and plaintiff's damages without being subject to the procedures of Rule 26.

It is well established that "[a] treating physician is not considered an expert witness if he or she testifies about observations based on personal knowledge, including the treatment of the party." Davoll v. Webb, 194 F.3d 1116, 1138 (10th Cir. 1999). A treating physician may "testify to prognosis, the extent of present and future disability, and the need for future medical treatment. So long as based on the physician's personal knowledge gained from the care and treatment of the plaintiff, such opinions are appropriate without regard to the requirements of Rule 26(a)(2)." Goeken v. Wal-Mart Stores, Inc., No. 99-4191-SAC, 2001 WL 1159751, at *3 (D. Kan. Aug. 16,

2001). In addition, "a treating physician, even when testifying as a lay witness, may state 'expert' facts to the jury in order to explain his testimony." Davoll, 194 F.3d at 1138.

Testimony from plaintiff's treating physicians that falls within these parameters will be allowed. However, without precise knowledge of the "damages" testimony that plaintiff seeks to offer from his treating physicians, the Court is unable to determine whether the testimony is based on the physicians' personal knowledge. As such, defendants' motion is premature. Defendants' motion is denied without prejudice if a specific issue arises at trial.

10) Hypothetical Questions. Defendants state that the parties have agreed that "all improper hypothetical questions or false option 'yes' or 'no' questioning should be excluded from trial." Dkt. # 46 at 10. Plaintiff does not address this issue in his response. In light of the apparent agreement between the parties, defendants' motion is denied as moot.

11) Future Damages. Defendants argue that plaintiff should not be entitled to offer evidence of future damages because such evidence can only be offered by an expert witness and plaintiff has not designated an expert witness under Rule 26. The Court need not determine the veracity of defendants' assertion that future damages evidence may only be offered by an expert, because since the filing of defendants' motion, plaintiff was given an extension of time in which to designate an expert and provide an expert report. See Dkt. # 57. In light of this fact, defendants' motion may now be moot. Defendants' motion is denied without prejudice if a specific issue arises at trial.

12) Plaintiff's Property Damage. Defendants seek to preclude plaintiff from introducing evidence regarding payment by defendants to plaintiff for property damage sustained in the accident. Defendants argue that such payment was not an admission of liability and will only serve to confuse


the jury.[4]  Once again defendants have not cited any legal authority, nor have they informed the Court of the exact nature of the payment and the circumstances surrounding it.  Without this information, it is impossible to assess the potential relevance of the evidence and/or potential prejudice or confusion that such evidence could cause.  Defendants' request is denied without prejudice if a specific issue arises at trial.

13) Defendants' Size, Income, or Financial Worth.  Defendants state that, in an attempt "to improperly influence the jury by portraying Defendants as supposedly evil entities," plaintiff may introduce evidence of defendants' size, income, or financial worth.  Dkt. # 46 at 13.  Plaintiff responds that the "size [and] revenues [of Swift] are probative of the issue of their knowledge of issues with either driver/Defendant Lopez, and/or the profits they may make by continuing to employ persons with history of driving problems so that they can pay them low wages."  Dkt. # 52 at 6-7.

Swift's potential knowledge of "issues" with Lopez or the profits Swift allegedly derived from employing drivers with alleged "problems" might be relevant to this case if plaintiff had alleged a direct claim against Swift.  However, the Petition appears only to state a claim against Swift under the doctrine of <u>respondeat superior</u> and does not state a separate claim against Swift such as negligent hiring, training, or retention.  <u>See</u> Dkt. # 2-2.  Even if plaintiff had stated a separate claim against Swift, under Oklahoma law, such a claim is not viable where vicarious liability has

---

[4]  In their reply, defendants raise the additional arguments that (i) plaintiff cannot introduce evidence that the property damage caused his injuries without the testimony of a biomechanical expert; (ii) evidence of settlement is improper to prove liability under Fed. R. Evid. 408; and (iii) evidence of payment for property damage is not relevant to the issues in this case.  None of these arguments were raised in defendants' motion.  As such, plaintiff has not had an opportunity to respond to these arguments and they will not be considered at this time.

been established.  See Morris v. City of Sapulpa, No. 10-CV-0376-CVE-TLW, 2011 WL 1627098, at *16 (N.D.Okla. Apr. 28, 2011).  In this case, Swift has admitted that, at the time of the accident, Lopez was operating the motor vehicle within the scope and course of his employment with Swift.  Dkt. # 12 at 2.  Thus, plaintiff cannot maintain a separate action against Swift for negligent hiring, training, or retention.  In the absence of such a claim, any evidence of Swift's size, income, or financial worth has no relevance to the issues in this case, namely whether Lopez negligently caused the accident and the amount of plaintiff's damages.  Defendants' motion is granted.

**IT IS THEREFORE ORDERED** that Defendants' Motion in Limine and Brief in Support (Dkt. # 46) is **granted in part** and **denied in part** as stated herein.

**DATED** this 9th day of December, 2011.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

9